IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 23, 2014 at Knoxville

## STATE OF TENNESSEE v. CURTIS GORDON, Jr

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2012-D-3261, J. Randall Wyatt, Jr., Judge**

_____

### No. M2013-02699-CCA-R3-CD - Filed August 28, 2014

_____

 Curtis Gordon, Jr. entered a plea of guilty to robbery.  He appeals the sentence imposed of fifteen years as a persistent offender, consecutive to a sentence for which he was on probation at the time of the robbery.   Finding no error, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOE H. WALKER, III, SP.J.,  delivered the opinion of the court, in which  JAMES CURWOOD WITT, JR., and ROBERT WEDEMEYER, JJ., joined.

Jeffrey A. DeVasher, Nashville, Tennessee, for the Appellant, Curtis Gordon, Jr; Michael Engle, Nashville, Tennessee, at sentencing.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General Criminal Justice Division, Victor S. Johnson, III, District Attorney General, and Rachel Thomas, Assistant District Attorney General, for the appellee, State of Tennessee.


### OPINION

Petitioner entered a plea of guilty in September 2013, to robbery, a Class C felony, with an agreement for the trial court to determine sentence.  The State had properly filed notice of intent to seek enhanced punishment.  At sentencing, the trial court found the

defendant to be a Range III, persistent offender.[1]  The defendant was sentenced to fifteen years, the maximum sentence in the range.  The sentence was imposed consecutively to a sentence received by the defendant in Sumner County,[2] for which he was on probation at the time of the robbery, and which he was currently serving at the time of sentencing.

Defendant cites as error that the trial court imposed an excessive sentence, and erred in ordering the sentence in this case to be served consecutively to his Sumner County sentence.


## Sentencing Hearing

At the sentencing hearing, the victim testified that the defendant came into her place of business and inquired about doing some landscaping.  It was near closing time and she was alone.  The defendant pushed her about fourteen feet into the break area and pinned her against the wall, choking her with a briefcase, which left marks on her neck.  The defendant told her he was there to rob her and repeatedly demanded to know where she kept the money.  The victim testified she was "freaked" and "scared."  Because of the nature of her business she did not have much cash in the building, but told the defendant where it was located.  The defendant took zip ties out of his briefcase and bound the victim's hands and feet.  She assumed he had a weapon in the briefcase by the way he was acting.  She did not fight back, but was "scared to death.  I was just trying to hold myself together and get through it."  He had hurt her and she believed he was getting pleasure out of inflicting pain, so she tried to not show resistance.  Before he left, the defendant tightened the zip ties on her hands so tight that every time her heart beat they swelled.  Her hands turned black and were swollen when she was freed by a police officer.  She testified about the emotional trauma the defendant has caused her.

The defendant testified that he is a forty-nine year old alcoholic who allowed his life to spiral out of control.  He apologized to the victim, and stated it was his decision to commit the robbery.  "[I]t was solely my choice from start to finish.  I take full and complete responsibility for the robbery and the degree of suffering I had caused."

---

[1] Certified copies of the defendant's prior convictions were presented by the State at the sentencing hearing.  The certified copies were not included in the record on appeal.

[2] The pre-sentence report shows the defendant received sentences in Sumner County in June 2010 of six years for robbery, and two years for attempted robbery.  The defendant was on probation for this sentence at the time of the robbery in this appeal.

2

In sentencing the defendant, the trial court reviewed on the record the considerations for the sentence imposed. He reviewed the facts of the case, the effect on the victim, and statements of the defendant. He found that the defendant has convictions in addition to those necessary to establish the appropriate range. He found that the victim was treated with "exceptional cruelty, totally unnecessary." He noted that the defendant was on probation at the time of this offense for another robbery in Sumner County. He found no mitigating factors. The trial court noted the defendant had multiple convictions from different parts of Tennessee, and from Kansas, Texas, and Virginia.

The trial court imposed the maximum sentence of fifteen years as a Range III offender.

## ANALYSIS

A trial court's decision regarding the length and manner of service of a sentence is reviewed for abuse of discretion, with a presumption of reasonableness granted to within-range sentences reflecting a proper application of the purposes and principles of the Sentencing Act. *State v. Bise,* 380 S.W.3d 682, 707 (Tenn. 2012). Under *Bise,* "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." *Id.* At 706.

The abuse of discretion standard, accompanied by a presumption of reasonableness, is the appropriate standard of appellate review for all sentencing decisions. The standard applies when the trial court properly addresses the purposes, principles, and considerations for its sentence on the record. *State v. Pollard,* 2013 Tenn. Lexis 1011 (Tenn. 2013).

In *Bise*, the Court held that a trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005. So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld. 380 S.W.3d at 706.

In *State v. Caudle,* 388 S.W.3d 273 (Tenn. 2012), the Supreme Court extended *Bise* to appellate review of a trial court's sentencing determination concerning probation or other alternative sentences. 388 S.W.3d at 278-79. Accordingly, a trial court's decision to grant or

3

deny probation will not be invalidated unless the trial court wholly departed from the relevant statutory considerations in reaching its determination.

In this case, the sentencing court conducted a sentencing hearing that met the requirements of Tennessee Code Annotated section 40-35-209.

The defendant alleges that the court erred by imposing the maximum sentence. In determining what sentence a defendant should receive within a particular range, the trial court considers the evidence presented at the sentencing hearing, the pre-sentence report, any sentencing alternatives, the nature of the criminal conduct, statutory mitigating and enhancement factors, statistical information provided by the administrative office of the courts, and any statement made by the defendant. Tenn. Code Ann. § 40-35-210(b)(1)-(7) (2010). In this case the court reviewed the facts relied upon in imposing sentence; he reviewed the information from the pre-sentence report; he discussed the nature of the criminal conduct; and stated the three enhancing factors found, which were supported by the evidence. The court found three enhancing factors, and no mitigating factors and therefore found enhancing factors outweighed the mitigating factors. He reviewed the statement of the defendant. The trial court acted consistently with the purposes and principles of the Sentencing Act. The defendant has failed to establish an abuse of discretion.

The determination of whether to order consecutive rather than concurrent sentences is a matter primarily within the discretion of the trial court. The procedure is governed by Tennessee Code Annotated section 40-35-115, which lists the factors that are relevant to a trial court's sentencing decision. The court may order consecutive sentences if it finds by a preponderance of the evidence that one or more of the seven statutory criteria exists. Tenn. Code Ann. § 40-35-115(b). In this case, the trial court found that the defendant is an offender whose record of criminal activity is extensive, and that the offense was committed while the defendant was on probation. Tenn. Code Ann. § 40-35-115(b)(2),(6). The evidence supports the findings. The defendant had eleven prior convictions committed in four different states. He was on supervised probation for a similar conviction in Sumner County at the time of the commission of this robbery. The defendant has failed to establish an abuse of discretion.

The defendant asserts that even if the trial court found that he meets the statutory criteria for consecutive sentences, the aggregate sentence is greater than that deserved for the offense committed. Imposition of consecutive sentences must be justly deserved in relation to the seriousness of the offense. Tenn. Code Ann. § 40-35-102(1). The length of the resulting consecutive sentence must be no greater than that deserved for the offense committed. Tenn. Code Ann. § 40-35-103(2). Because the trial court stated its reasons for ordering consecutive sentences, and those reasons are supported by the evidence, the trial

4

court's decision is presumptively reasonable.  The trial court found that the victim was "terrorized out of her mind, not knowing if she was going to live or not."  The victim was "trying to make an honest living", and the defendant was "more interested in power or control" and "treated this woman with exceptional cruelty." The defendant had a history of attempted rape in Kansas, another sexual assault in Texas, obtaining money by false pretenses in Virginia, and was on probation for robbery in Tennessee.  The defendant has failed to show an abuse of discretion in imposing this sentence to run consecutively to the sentence for robbery for which the defendant was on probation at the time, or that the aggregate sentence is greater than deserved for this offense of robbery.

The trial court properly addressed the purposes, principles, and considerations for the sentence imposed in this case, and the defendant has not shown an abuse of discretion.

For the foregoing reasons, we affirm the judgment of the trial court

_____
JOE H. WALKER, SP.J.